IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

LEMARTEC CORPORATION,
a Florida corporation,

    Plaintiff,

v.

ENTSORGA WEST VIRGINIA LLC,
a Delaware limited liability company,
BERKELEY COUNTY SOLID WASTE
AUTHORITY, a West Virginia municipal
corporation, and ENTSORGA USA, INC.,
a Delaware corporation, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, and
AVW OF WEST VIRGINIA, INC.
d/b/a APPLE VALLEY WASTE,
a Delaware corporation,

    Defendants.

Civil Action No. 3:18-cv-22
The Honorable Gina M. Groh

BERKLEY COUNTY SOLID WASTE AUTHORITY,
a West Virginia municipal corporation,

    Counter Claimant,

v.

LEMARTEC CORPORATION,
a Florida corporation,

    Counter Defendant.

ENTSORGA USA, INC., a Deleware corporation,
and ENTSORGA WEST VIRGINIA, LLC,
a Delaware limited liability company,

    Cross Claimants,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

       Cross Defendant.

ENTSORGA USA, INC., a Delaware corporation,
and ENTSORGA WEST VIRGINIA, LLC,
a Delaware limited liability company,

       Counter Claimants,

v.

LEMARTEC CORPORATION,
a Florida corporation,

       Counter Defendant.

# Amended Complaint

Plaintiff, Lemartec Corporation ("Lemartec"), by counsel, and for its Amended Complaint unto this Honorable Court states as follows:

## Nature of Action

1. This is an action to enforce a mechanic's lien, for breach of contract, or, in the alternative, for unjust enrichment/quantum meruit, failure to post a bond and joint venture. Lemartec seeks damages from Defendants in the amount of $1,694,192.60 (plus pre and post judgment interest, attorneys' fees and costs) for the materials and services Lemartec provided to Defendants during the construction of a waste-to-fuel treatment process plant in Berkeley County, West Virginia.

## The Parties

2. Plaintiff, Lemartec Corporation, is a Florida corporation with its principal place of business located at 11740 S.W. 80th Street, Miami, Florida.

2

3. Defendant, Entsorga West Virginia LLC, is a Delaware limited liability company with its principal place of business located at 771 James Burr Boulevard, Kearneysville West Virginia.

4. Chemtex International, Inc., Entsorga USA Inc. and AVW of West Virginia, Inc. d/b/a Apple Valley Waste are members of Entsorga WV.

5. Defendant, Entsorga USA Inc. ("Entsorga USA"), is a Delaware corporation with its principal place of business located at 234 W. 39th Street, New York, New York.

6. Defendant, AVW of West Virginia, Inc. d/b/a Apple Valley Waste is a Delaware corporation with its principal place of business located at 771 James Burr Boulevard, Kearneysville, West Virginia.

7. Defendant, Berkley County Solid Waste Authority ("Solid Waste Authority"), is a West Virginia municipal corporation with its principal place of business located in Inwood, West Virginia.

## Jurisdiction and Venue

8. The United States District Court for the Northern District of West Virginia has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Defendants have different citizenships and damages in this action exceed Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper in this Court because this is the District where a substantial part of the events or omissions giving rise to the claims occurred within the meaning of 28 U.S.C. § 1391(b)(2).

## Operative Facts

10. Entsorga WV contracted with, among others, Lemartec for Lemartec to supply Entsorga WV with materials and services for an approximately 48,000 square-foot facility waste-to-fuel treatment process plant in Berkeley County, West Virginia ("Project").

11. Prior to Entsorga WV entering a contract with Lemartec, Entsorga WV entered a long-term lease with the Solid Waste Authority to construct the Project on property located at 870 Grapevine Road, Martinsburg, West Virginia ("Property").

12. At the beginning of the Project, Entsorga WV entered an Agreement for Supply of Solid Waste Conversion and Treatment Facilities ("Initial Agreement") with Chemtex International, Inc. ("Chemtex") to provide material and services to construct the Project.

13. On or around March 9, 2016, Chemtex entered into a Design-Build Lump Sum Turnkey Basis Contract ("the Subcontract") with Lemartec.

14. The Subcontract identified Entsorga WV as Owner and Lemartec as Contractor.

15. The Subcontract provided that "Chemtex and/or third parties appointed by them, shall have the right at all reasonable times to inspect the quality and/or progress of the Work, whether at the Site or elsewhere, including at Contractor or its subcontractor/vendor other locations, and to reject any item of the Work not in accordance with the Contract, provided that notification of such rejection is given by Chemtex and/or third parties appointed by them on a timely basis."

16. The Subcontract also stated that "Chemtex and/or Owner shall at all reasonable times have access to the Work and to the Workshops or other place of the Contractor where Work is being prepared for the Contract. . . ."

17. With respect to damages for non-completion of work, the Subcontract required that "[i]f the Contractor fails to complete any portion of the Work within the relevant deadline pursuant to the Project Schedule, then Chemtex shall, after notice and reasonable opportunity to cure having been provided to the Contractor, be entitled to hire a third party to complete such a portion of the Work and the Contractor shall be liable to Chemtex for any additional reasonable cost associated with the third party's completion of the Work."

18. On March 18, 2016, Chemtex assigned its rights and responsibilities under the Subcontract to Biochemtex S.p.A. ("Biochemtex").

19. Pier Cella ("Mr. Cella"), as a representative and/or agent of Entsorga WV and/or Entsorga USA, actively participated in defining the scope of work and negotiation of this Subcontract and the Initial Agreement.

20. Mr. Cella actively participated in all aspects of the Project and directed and/or influenced Entsorga WV's decision making and relationships with Entsorga WV's contractors, subcontractor and/or materialmen.

21. In part based on Mr. Cella's constant involvement and intermeddling, Entsorga WV decided to terminate Biochemtex and remove Biochemtex as the general contractor for the Project.

22. On or around June 30, 2017, Entsorga WV terminated the Initial Agreement and removed Biochemtex as its general contractor.

23. In terminating Biochemtex, Entsorga WV requested that Lemartec assume the duties of the general contractor for the Project and asked that Lemartec provide new pricing to complete the project that would include all the pending Change Orders not yet approved.

24. Lemartec provided the pricing necessary and Entsorga WV agreed to contract with Lemartec for the increased contract price.

25. In agreeing to serve as general contractor on the Project, Entsorga WV promised to pay Lemartec for all the material and services it provided on the Project pursuant to its prior relationship with Biochemtex.

26. Based on this promise, on or around August 4, 2017, Entsorga WV and Lemartec executed a Memorandum of Understanding and Limited Notice to Proceed ("MOU").

27. Under the MOU, Entsorga WV and Lemartec agreed that "[t]he Parties will continue, in good faith, to either: (i) assign the Subcontract to Entsorga WV, or (ii) negotiate a new design-build agreement under terms substantially similar as the Subcontract."

28. The MOU required that "Lemartec shall deliver to counsel for Entsorga WV, all outstanding applications for payment with supporting backup, including, but not limited to, conditional lien waivers on behalf of Lemartec and its subcontractors and material suppliers, as provided by the Subcontract."

29. Under the MOU, "[t]he Parties shall endeavor in good faith to enter into a new agreement (unless Entsorga WV is able to beforehand secure assignment of the Subcontract) by August 17, 2017."

30. Lemartec fulfilled its obligations under the MOU and continued to supply materials and services to the Project including, but not limited to fabrication of the precast wall panels, concrete, earthwork, metals, site work, special construction, mechanical, piping, electrical installation, engineering and design services and more.

31. Lemartec provided materials and services to this Project in anticipation of payment under the MOU and later a new contract with Entsorga WV.

32. Defendants received and benefited from the supplies and materials provided by Lemartec.

33. Through November 13, 2017, Lemartec provided Entsorga WV with $1,694,192.60 of supplies and services for the Project.

34. Notwithstanding receipt of these supplies and services, Entsorga WV refused to pay Lemartec.

35. Despite Lemartec's efforts, Lemartec and Entsorga WV never entered into the new contract contemplated under the MOU.

36. Entsorga WV also never secured an assignment of the Subcontract from Biochemtex.

37. On December 12, 2017, Lemartec filed and recorded a Mechanic's Lien on the Property with the Office of the Clerk of Berkley County, West Virginia to preserve Lemartec's claim against Entsorga and the Solid Waste Authority for $1,550,657.54. [*See*, Dec. 12, 2017, Mechanic's Lien, attached hereto as Ex. A.]

38. On February 7, 2018, Lemartec amended its Mechanic's Lien to include an additional $143,535.06 materials and services it provided to Entsorga WV from November 1, 2017 through November 30, 2017. [*See*, Feb. 7, 2018, Amended Mechanic's Lien, attached hereto as Ex. B.]

39. As of the filing of this Complaint, Entsorga WV still refuses to pay, and has not paid, Lemartec the $1,694,192.60 owed for the materials and services Entsorga WV purchased from Lemartec for this Project.

## Count I - Enforcement of Mechanic's Lien

40. Lemartec realleges each and every allegation set out in Paragraph 1 through 39 of this Complaint as if set out fully herein.

41. Throughout this Project 2017, Lemartec furnished materials and services for the benefit of the Property, Entsorga WV and Solid Waste Authority.

42. Despite providing these materials and services, Entsorga WV refused to pay Lemartec.

43. On December 12, 2017, and within one hundred (100) days of Lemartec ceasing to furnish materials and services for the Project on the Property, Lemartec recorded a Mechanic's Lien on the Property in the amount of $1,550,657.54 with the Office of Berkley County.  [Ex. A.]

44. On February 7, 2018, Lemartec amended its mechanic's lien to include an additional $143,535.06 materials and services it provided to Entsorga WV from November 1, 2017 through November 13, 2017.  [Ex. B.]

45. Pursuant to West Virginia Code § 38-2-34, Lemartec seeks to enforce its Mechanic's Lien.

46. Entsorga WV still owes Lemartec $1,694,192.60 for the unpaid invoices and materials used for the Project on the Property.

## Count II - Breach of the Contract

47. Lemartec realleges each and every allegation set out in Paragraph 1 through 46 of this Complaint as if set out fully herein.

48. Entsorga WV agreed to pay Lemartec for the materials and services Lemartec provided to Entsorga WV for this Project.

49. Entsorga WV breached its contractual obligations by failing to pay Lemartec in full for these materials and services, in the total amount of $1,694,192.60.

50. Entsorga WV further breached its obligations to Lemartec under the MOU by failing to obtain an assignment of the Subcontract from Biochemtex or by failing to enter into a contract with terms substantially similar to the Subcontract with Lemartec.

51. As a foreseeable, direct and proximate result of Entsorga WV breach of its contractual obligations, Lemartec has suffered and will continue to suffer losses and damages.

### Count III - In the alternative, Unjust Enrichment/Quantum Meruit

52. Lemartec realleges each and every allegation set out in Paragraph 1 through 51 of this Complaint as if set out fully herein.

53. Lemartec provided materials and services with the expectation that it would receive payment for the fair value of these materials and services.

54. Entsorga WV knew, or should have known, that Lemartec expected to be paid when Entsorga accepted the materials and services.

55. With the exception of some of the concrete work, Entsorga WV and the Solid Waste Authority has accepted, taken possession and enjoyed the benefit of the materials and services provided by Lemartec.

56. By failing to pay Lemartec, Entsorga WV and the Solid Waste Authority have been unjustly enriched in the amount of $1,694,192.60.

### Count IV - In the alternative, Failure to Post a Bond

57. Lemartec realleges each and every allegation set out in Paragraph 1 through 56 of this Complaint as if set out fully herein.

58. West Virginia Code § 38-2-39 requires that a public entity "having authority to contract for the erection, construction, improvement, alteration or repair of any public building or other structure, or any building or other structure used or to be used for public purposes, require of every person to whom it shall award, and with whom it shall enter into, any contract . . . that such contractor shall cause to be executed and delivered . . . a good, valid, solvent and sufficient bond, in a penal sum equal at least to the reasonable cost of the materials, machinery, equipment and labor required for the completion of such contract. . . ."

59. On or around March 1, 2016, the Solid Waste Authority entered into a long-term ground lease with Entsorga WV.

60. Lemartec asserts, among other things, that the Solid Waste Authority and Entsorga WV entered into a public-private partnership, which allows Lemartec to assert a lien on the Project.

61. In the alternative and if the Project is deemed public, West Virginia Code § 38-2-39 required the Solid Waste Authority to require Entsorga WV obtain a bond on the Project equal to the reasonable costs of the materials, equipment and labor required for the Project's completion.

62. Neither the Solid Waste Authority nor Entsorga WV obtain the requisite bond pursuant to West Virginia Code § 38-2-39.

63. As a foreseeable, direct and proximate cause of the Solid Waste Authority's failure to require Entsorga WV to obtain a bond, Lemartec has suffered damages.

## Count V - Joint Venture

64. Lemartec realleges each and every allegation set out in Paragraph 1 through 63 of this Complaint as if set out fully herein.

65. Defendants have associated for the purpose of constructing and operating a waste-to-fuel treatment process plant in Berkeley County, West Virginia.

66. By associating, Defendants have combined their property, money, profit, skill and knowledge in an attempt to carry out a single business enterprise for profit.

67. Defendants combined efforts to carry out a single business enterprise makes each Defendant in the joint venture responsible and liable for any and all conduct arising from the joint venture.

68. As a foreseeable, direct and proximate cause of the joint venture, Lemartec has suffered damages

WHEREFORE, Plaintiff, Lemartec Corporation, prays for judgment against Defendants as follows:

a) An award of compensatory damages in the amount $1,694,192.60;

b) Specific performance of the MOU that require an assignment of the Subcontract from Biochemtex to Entsorga WV or entry of a contract between Lemartec and Entsorga WV containing terms substantial similar to the Subcontract;

c) To the extent necessary, enforce a mechanic's lien against Berkley Solid Waste Authority for the services and materials Entsorga WV purchased and used on the Property;

d) An award of pre and post-judgment per annum;

e) An award of costs related to the prosecution of this matter, including without limitation, Lemartec's attorneys' fees and costs; and

f) Such other and further relief as this Court may deem proper.

**LEMARTEC CORPORATION DEMANDS A JURY ON ALL TRIABLE ISSUES.**

          LEMARTEC CORPORATION,

          By Counsel,

*/s/ J. Mark Adkins*
Kenneth E. Webb, Jr. (WVSB 5560)
J. Mark Adkins (WVSB 7414)
Patrick C. Timony (WVSB 11717)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

LEMARTEC CORPORATION,
a Florida corporation,

    Plaintiff,

v.

ENTSORGA WEST VIRGINIA LLC,
a Delaware limited liability company,
BERKELEY COUNTY SOLID WASTE
AUTHORITY, a West Virginia municipal
corporation, and ENTSORGA USA, INC.,
a Delaware corporation, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, and
AVW OF WEST VIRGINIA, INC.
d/b/a APPLE VALLEY WASTE,
a Delaware corporation,

    Defendants.

Civil Action No. 3:18-cv-22
The Honorable Gina M. Groh

BERKLEY COUNTY SOLID WASTE AUTHORITY,
a West Virginia municipal corporation,

    Counter Claimant,

v.

LEMARTEC CORPORATION,
a Florida corporation,

    Counter Defendant.

ENTSORGA USA, INC., a Deleware corporation,
and ENTSORGA WEST VIRGINIA, LLC,
a Delaware limited liability company,

    Cross Claimants,

v.

13

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

       Cross Defendant.

ENTSORGA USA, INC., a Delaware corporation,
and ENTSORGA WEST VIRGINIA, LLC,
a Delaware limited liability company,

       Counter Claimants,

v.

LEMARTEC CORPORATION,
a Florida corporation,

       Counter Defendant.

# Certificate of Service

       I, J. Mark Adkins, do hereby certify that on this **14th day of September 2018**, I electronically filed the foregoing *Amended Complaint* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Charles S. Trump IV<br>Trump & Trump, L.C.<br>171 S. Washington Street<br>Berkeley Springs, West Virginia 25411<br>*Counsel for the Berkeley County Solid Waste Authority* | Gene W. Bailey, II, Esquire<br>HENDRICKSON & LONG, PLLC<br>Post Office Box 11070<br>Charleston, West Virginia 25339<br>*Counsel for Entsorga West Virginia LLC and Entsorga USA, Inc.* |
| Christopher J. Mohart, Esquire<br>Jeffery B. Rosen, Esquire<br>Polsinelli PC<br>900 W. 48th Place<br>Kansas City, Missouri 64112<br>*Counsel for Entsorga West Virginia LLC and Entsorga USA, Inc.* | Thomas J. Moran, Esquire<br>Setliff Law PC<br>4940 Dominion Boulevard<br>Glen Allen, Virginia 23060<br>*Counsel for Philadelphia Indemnity Insurance Company* |

       */s/ J. Mark Adkins*
       J. Mark Adkins (WVSB 7414)