**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**LEMARTEC CORPORATION,**
**a Florida corporation,**

       Plaintiff,

**v.**                                                        **CIVIL ACTION NO.: 3:18-CV-22**
                                                              **(GROH)**

**BERKELEY COUNTY SOLID WASTE**
**AUTHORITY and HILLIS-CARNES**
**ENGINEERING ASSOCIATES, INC.,**

       Defendants.

**BERKELEY COUNTY SOLID WASTE AUTHORITY,**
**a West Virginia municipal corporation,**

       Counter Claimant,

**v.**

**LEMARTEC CORPORATION,**
**a Florida corporation,**

       Counter Defendant.

**LEMARTEC CORPORATION,**
**a Florida Corporation,**

       Third-Party Plaintiff,

**v.**

**CARTER DOUGLAS COMPANY, LLC**
**and HILLIS-CARNES ENGINEERING**
**ASSOCIATES, INC.,**

       Third-Party Defendants.

<u>**AMENDED MEMORANDUM AND OPINION GRANTING PLAINTIFF LEMARTEC
CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT
BERKELEY COUNTY SOLID WASTE AUTHORITY'S COUNTERCLAIMS**</u>

This action arises from the construction of a waste-to-fuel processing plant in Martinsburg, West Virginia.  Currently before the Court is Plaintiff Lemartec Corporation's Motion for Summary Judgment on Defendant Berkeley County Solid Waste Authority's Counterclaims [ECF No. 244], filed on April 30, 2020.  Defendant Berkeley County Solid Waste Authority (the "Solid Waste Authority") filed a Response in Opposition [ECF No. 260] on May 20, 2020.  Plaintiff Lemartec Corporation ("Lemartec") filed a Reply in Support of Its Motion [ECF No. 264] on June 3, 2020.  Accordingly, this matter has been fully briefed and is now ripe for review.  For the reasons provided below, the motion must be granted.

## I. Procedural and Factual Background

This lawsuit arises from the construction of a waste-to-fuel processing plant in Martinsburg, West Virginia (the "Project").  ECF No. 1, 18.  The background of the Project is as follows.  On January 16, 2014, the Solid Waste Authority entered into a long-term lease with Defendant Entsorga WV, LLC ("Entsorga WV").  The lease provided an initial term of thirty (30) years, automatically followed by four consecutive five-year renewal terms for a total of fifty (50) years.  Under the lease, Entsorga WV was tasked with developing a processing plant that could turn solid waste into fuel.  In March 2016, Entsorga WV appointed Chemtex International, Inc. ("Chemtex") to serve as the general contractor on the Project.  Chemtex entered into a subcontract with Lemartec.  Shortly thereafter, Chemtex assigned its interest in the subcontract to its wholly-owned subsidiary, Biochemtex S.p.A. ("Biochemtex").  Lemartec alleges that Biochemtex failed

to pay Lemartec for the services and materials it provided to the Project.  Lemartec further alleges that the financial situation with Biochemtex caused Lemartec to consider terminating its relationship with the Project.

However, in June 2017, Entsorga WV terminated the contract with Biochemtex and began direct negotiations with Lemartec to complete the work on the Project.  Lemartec asserts that Entsorga WV promised to pay Lemartec for all the work performed on the Project, including the work performed as a subcontractor for Biochemtex.  Thereafter, the parties reached an agreement and executed a Memorandum of Understanding and Limited Notice to Proceed ("MOU").  Lemartec recommenced construction in August 2017.  Lemartec alleges that Entsorga WV failed to pay Lemartec, and so, Lemartec stopped work on the Project.  On December 12, 2017, Lemartec filed and recorded mechanic's lien on the subject property for $1,550,657.54.  Months later, on February 7, 2018, Lemartec filed an amended mechanic's lien, which included an additional invoice. The amended mechanic's lien claimed that Entsorga WV owed Lemartec $1,694,192.60.

On the same day, Lemartec filed the complaint in this action seeking enforcement of the mechanic's lien and alleging breach of contract, or in the alternative, unjust enrichment against Entsorga WV and the Solid Waste Authority.  In response to the complaint, the Solid Waste Authority asserted two counterclaims against Lemartec alleging violations of law regarding recordation of fraudulent liens and slander of title. ECF No. 8.  Thereafter, Lemartec amended its complaint to assert additional claims for failure to post a bond and joint venture against Entsorga WV and the Solid Waste Authority.  ECF No. 54.

On September 14, 2018, the Court granted the Solid Waste Authority summary judgment on Lemartec's claim for enforcement of the mechanic's lien.  ECF No. 55.  The Court concluded that West Virginia law does not authorize liens against public property.  After completing discovery, Lemartec dismissed its claims against most parties.  Pursuant to the settlement agreement with Entsorga WV, which resolved all claims with Entsorga entities, Lemartec released its mechanic's lien on the subject property.  ECF Nos. 242, 244-8.  Lemartec also voluntarily dismissed all remaining claims against the Solid Waste Authority.[1]  ECF No. 245.  Now, Lemartec moves for summary judgment on the Solid Waste Authority's counterclaims.  In the instant motion, Lemartec argues that the Solid Waste Authority has failed to develop evidence that it recorded a fraudulent lien, acted with malice or caused the Solid Waste Authority to suffer financial injury.  In short, Lemartec contends that there is no evidence to support the essential elements of these counterclaims.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the

---

[1] Lemartec stipulated to voluntarily dismissing Counts I, III, IV and V of its amended complaint against the Solid Waste Authority. Lemartec's amended complaint includes a breach of contract claim (Count II); however, this cause of action is not asserted against the Solid Waste Authority. See ECF No. 101 at 6–7. Therefore, Lemartec has no remaining claims against the Solid Waste Authority.

need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586.  That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).  A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

### III. Claim for Violations of Law Regarding Recordation of Fraudulent Liens

First, Lemartec argues that the Solid Waste Authority cannot sustain a fraudulent lien cause of action for the following two reasons: (1) Lemartec did not knowingly file and record a fraudulent lien and (2) there is no evidence to show that Lemartec intended to cause financial injury.

#### A.  Applicable Law

A person or party that owns an interest in real or personal property may bring forth a fraudulent lien cause of action.  W. Va. Code § 38-16-502.  To impose liability for

recording a fraudulent lien, a claimant must demonstrate that the alleged person or party

had the following:

> (1) Knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> (2) Intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution of laws or this state or the United States, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
> (3) Intent to cause another person to suffer:
>> (A) Physical Injury;
>> (B) Financial Injury; or
>> (C) Mental anguish or emotional distress.

W. Va. Code § 38-16-501(a).

## B. Discussion

Here, Lemartec and the Solid Waste Authority do not dispute the second element

of this statutory claim.  The record clearly shows that Lemartec filed and recorded two

liens in the office of the Clerk of the County Council of Berkeley County, West Virginia.

See ECF Nos. 244-6, 244-7.  In doing so, Lemartec intended for both liens to be legally

enforceable and therefore require Entsorga WV to issue payment for its performance

under the subcontract.  The parties dispute whether Lemartec intended to cause the Solid

Waste Authority to suffer financial injury and whether Lemartec knowingly recorded a

fraudulent lien.

Based on the lien amount alone, a reasonable jury could conclude that Lemartec

intended to cause the Solid Waste Authority to suffer financial injury.  Under the amended

lien, Lemartec sought payment of $1,694,192.60, an amount that could result in dire

consequences for a public entity like the Solid Waste Authority.  However, the Solid Waste

fails to develop evidence to show that Lemartec knowingly filed and recorded a fraudulent

lien.  Fraud exists when the following three elements are met: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.  Syl. Pt. 1, <u>Lengyel v. Lint</u>, 280 S.E.2d 66 (W. Va. 1981).  "An action for fraud may lie where the defendant either knows the statement to be false, makes the statement without knowledge as to its truth or falsity, or makes it under circumstances such that he should have known of its falsity."  <u>Id.</u> at 69. None of these scenarios exist here.  The Solid Waste Authority does not present any evidence that Lemartec knew or should have known that the lien and amended lien against the subject property was unlawful at the time of filing.  Although mistaken, Lemartec sought enforcement of its mechanic's lien in good faith in order to secure payment for its work performed on the Project.  Both liens were devoid of any fraudulent or deceptive information.  Lemartec properly notified Entsorga WV and the Solid Waste Authority, as well as attached invoices to corroborate the requested payment.  Because there is no admissible evidence to demonstrate that Lemartec knowingly recorded a fraudulent lien, the essential elements of the Solid Waste Authority's fraudulent lien cause of action cannot be met.  Therefore, a reasonable jury could not find in favor of the Solid Waste Authority on this counterclaim.

### C.  Conclusion

Accordingly, the Court hereby grants Lemartec summary judgment on the Solid Waste Authority's claim for recording of a fraudulent lien.

### IV. Claim for Slander of Title to Real Estate

Next, Lemartec avers that the Solid Waste Authority lacks admissible evidence to sustain its claim for slander of title.  Specifically, Lemartec argues that it did not act maliciously when filing a lien and amended lien against the subject property.  Additionally, Lemartec argues that there is no evidence of diminished value of the subject project in the eyes of third parties.

**A.  Applicable Law**

West Virginia recognizes slander of title as a common law cause of action.  Syl. Pt. 2, TXO Production Corp. v. Alliance Resources Corp., 419 S.E.2d 870 (W.Va. 1992). To prove a claim for slander of title, a party must establish the following elements: "(1) publication of; (2) a false statement; (3) derogatory to plaintiff's title; (4) with malice; (5) causing special damages; and (6) as a result of diminished value in the eyes of third parties."  Id. at 879.

**B.  Discussion**

Lemartec contends that the Solid Waste Authority has failed to develop evidence to establish all elements of its slander-to-title claim.  Specifically, Lemartec argues that there is no genuine issue of material fact as to whether it acted maliciously in filing a lien and amended lien against the subject property.  Rather, Lemartec contends that it had a good faith basis to do so because Entsorga WV was granted complete control over the subject property under the lease and the subject property was being utilized for a quasi-private purpose.  In addition, Lemartec notes that there was no imposition of bonds on the Project, which further supports its legal right to file a lien.

Malice is defined as the "intent to injure through publication of false or misleading defamatory statements known by the publisher or its agents to be false, or an intent to

injure through publication of such defamatory statements with reckless and willful disregard of their truth." Baker v. Chesapeake Appalachia, LLC, 2013 WL 1910378, at *3 (N.D.W. Va. May 8, 2013) (quoting Sprouse v. Clay Communication, Inc., 211 S.E.2d 674, 681–82 (W. Va. 1975)). "The state of mind necessary to sustain a slander of title suit, however, is something more grave than poor judgment." GMO Forestry Fund 3, L.P. v. Ellis, 2006 WL 8438256, at *3 (S.D.W. Va. Sept. 14, 2006), aff'd, 337 F. App'x 279 (4th Cir. 2009). Ultimately, the question of malice is ordinarily one for the jury. Hunter v. Beckley Newspapers Corp., 40 S.E.2d 332, 338 (W. Va. 1946).

Although West Virginia requires the imposition of bonds on construction contracts involving public property,[2] the subcontract between Lemartec and Chemtex does not presuppose lien rights to the subject property. The subcontract explicitly states that "if no lien rights exist in favor of [Lemartec], Chemtex must provide payment security satisfactorily to [Lemartec] prior to [Lemartec] beginning work on the project." See ECF No. 244-3 at 7. Regardless of whether the subject property was being used for a quasi-private purpose, the West Virginia legislature, specifically West Virginia Code §§ 22C-4-23 and 38-2-1, does not permit the filing of liens on public property. See ECF No. 55 at 7–9; see also J.E. Moss Iron Works v. Jackson Cty. Court, 109 S.E. 343, 346 (W. Va. 1921) ("There can be no mechanic's lien on public property unless the statute creating such lien expressly so provides, since such lien would be contrary to public policy, and would also be incapable of enforcement, not being subject to forced sale."). It is uncontested that the Solid Waste Authority is a public entity and the property upon which Lemartec filed the liens belongs to the Solid Waste Authority. Even though Lemartec was

---

[2] See W. Va. Code § 38-2-39

a subcontractor and later general contractor on the Project, it did not have a legal right to file a lien on the subject property.  Contrary to Lemartec's proposition, the Solid Waste Authority retained the right to sell all or part of the subject property under the leasing agreement with Entsorga WV, even if it could not utilize the property through 2066.  See ECF No. 244-2 at 17.

Nonetheless, the Court finds that a reasonable jury could not infer malicious intent from Lemartec's filing of two unlawful liens against the subject property.  While it was unlawful for Lemartec to file both liens, there is no evidence that Lemartec acted maliciously in doing so.  As previously mentioned, Lemartec filed both liens for the sole purpose of securing payment for its work on the Project.  At most, the fact that Lemartec sought enforcement of an unlawful lien in court could be interpreted as poor judgment. Moreover, although Lemartec did not release both liens until after settling with Entsorga WV, the timing of this action was justified for Lemartec to preserve its right to appeal the Court's decision to award summary judgment to the Solid Waste Authority on its mechanic's lien claim.  It is well established that wrongfully recording an unfounded claim to the property of another is actionable as slander of title, provided that malice is present. TXO Production Corp., 419 S.E.2d at 880.

Additionally, and most fatal to its claim, the Solid Waste Authority fails to put forth evidence to establish diminished value of the subject property in the eyes of third parties. See Sapphire Dev., LLC v. Span USA Inc., 120 F. App'x 466, 474 (4th Cir. 2005) (upholding the district court's entry of judgment against defendant on its counterclaim for slander of title because defendant failed to produce any evidence at trial that the property at issue was diminished in any way).  In its response briefing, the Solid Waste Authority

neglects to address the final element of its claim.  Furthermore, upon review of the Solid Waste Authority's initial discovery disclosures, none of the identified individuals purport to possess knowledge of diminution in the value of the subject property.  See ECF No. 244-9.  Instead, these individuals are expected to testify to matters relating to the leasing agreement between Entsorga WV and the Solid Waste Authority.  Id.  Because the Solid Waste Authority has failed to introduce evidence concerning every element of its slander-of-title claim, there is no legally sufficient evidentiary basis for a reasonable jury to find for it on this counterclaim.  See Killette v. Pittman, 127 F.3d 1099 (4th Cir. 1997) (finding that the district court erred in failing to grant defendant's motion for judgment as a matter of law because there was absolutely no evidence that any third party was aware that plaintiff's title to the subject property might be infirm).

### C. Conclusion

Accordingly, the Court hereby grants Lemartec summary judgment on the Solid Waste Authority's claim for slander of title.

## V. Conclusion

For the aforementioned reasons, the Court **ORDERS** that Plaintiff Lemartec Corporation's Motion for Summary Judgment on Defendant Berkeley County Solid Waste Authority's Counterclaims [ECF No. 244] is **GRANTED**.  Because all claims between Plaintiff Lemartec Corporation and Defendant Berkeley County Solid Waste Authority are now resolved, the parties' pending pretrial motions [ECF Nos. 265, 270, 271, & 276] are hereby **TERMINATED** as **MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Berkeley County Solid Waste Authority as a party in this action.  The Clerk is further **DIRECTED** to transmit a copy of this Order to all counsel of record herein.

**DATED**: June 19, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE